UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62124-BLOOM
Underlying Bankruptcy Case No. 13-26507-BKC-RBR

MICHAEL A. THOMPSON,

    Appellant,

v.

Y & M 18, LLC,

    Appellee.

_____/

## ORDER

**THIS CAUSE** is before the Court upon an appeal by Appellant Michael Thompson ("Appellant"). Appellant seeks review of a final order issued by the United States Bankruptcy Court for the Southern District of Florida, which denied his Motion to Enforce Discharge Injunction and Motion for Sanctions ("Order"). *See In re Michael Thompson*, Case No. 13-26507-RBR (the "Bankruptcy Case"), BK ECF No. [141].[1] The Court has considered Appellant's Brief ("Appeal"), ECF No. [10], the supporting and opposing submissions, the record and the applicable law. For the reasons that follow, the Appeal is denied and the Bankruptcy Court's Order is affirmed

    **I.**    **BACKGROUND**

The following are the facts relevant to this Appeal. The Appellant is an equity security holder with a 50% interest in Trelawny. ECF No. [6-2], at 181, 123. Trelawny owns a parcel of commercial property located at 1500 E. Commercial Blvd., Oakland Park, FL 33334 (the "Real

---

[1] The Court will refer to docket entries in the Bankruptcy Case as "BK ECF," and docket entries in the instant appeal as "ECF."

Property"). ECF No. [6-2], at 222. On December 22, 2006, Trelawny executed a promissory note for a commercial loan in the amount of $750,000.00, which was secured by a mortgage on the Real Property. *Id.* at 102-107. The note was personally guaranteed by Michael Thompson and other guarantors. *Id.* at 151-158.  On December 22, 2011, Trelawny filed a voluntary petition commencing a Chapter 11 bankruptcy case (the "Trelawny Bankruptcy Case"). *Id.* at 218.

On October 8, 2012, Trelawny filed its first proposed Chapter 11 Plan with the Court (the "First Chapter 11 Plan"). ECF No. [16], at 3-8. The First Chapter 11 Plan listed the Secured Creditors'[2] claim against the Real Property as Class 1 (impaired) and proposed reformed payment terms. *Id.* at 5. The Secured Creditor then filed a ballot rejecting the First Chapter 11 Plan. *Id.* at 9. Trelawny then filed an amended plan proposing increased monthly payments and a balloon payment (the "First Amended Chapter 11 Plan"). ECF No. [6-3], at 43-48. The Secured Creditor also rejected this plan and filed an objection to its confirmation. *Id.* at 49, 53-164.

On July 2, 2013, while the Trelawny Bankruptcy Case was still underway, Appellant Michael Thompson filed an individual Chapter 7 bankruptcy case, Case No. 13-26507-RBR, (the "Thompson Bankruptcy Case"). ECF No. [6-2], at 8.

On December 12, 2013, Trelawny filed a Second Amended Chapter 11 Plan (the "Second Amended Chapter 11 Plan") in the Trelawny Bankruptcy Case. *Id.* at 252-257. This plan revised the Secured Creditor's treatment in two ways.  First, it increased the proposed interest rate on installment payments. *Id.* Second, it provided that Trelawny's principals, the Appellant Michael Thompson and Marlon Thompson, would "individually guaranty" Trelawny's new payment obligation to the Secured Creditor (the "Debt"). *Id.* at 254. The Appellant and Marlon Thompson

---

[2] During the pendency of the Trelawny Bankruptcy Case, the claim at issue in the instant action was held by Space Coast Credit Union and was subsequently assigned to the Y & M 18, LLC ("Appellee"). For ease of reference, the claim holders shall collectively be referred to as the "Secured Creditor."

2

were themselves listed in Class 4 of the Second Amended Chapter 11 Plan in their capacity as Equity Security Holders *Id.* at 278. The Secured Creditor filed a ballot accepting the Second Amended Chapter 11 Plan. *Id.* at 296.

On February 26, 2014, the Second Amended Chapter 11 Plan was confirmed by the Court. *Id.* at 297-298. Pursuant to the United States Trustee guidelines, Trelawny filed multiple Small Business Monthly Operating Reports. The first report filed was signed by the Appellant in his capacity as a managing member of Trelawny. *Id.* at 16-22.

On August 21, 2014, Michael Thompson received a Chapter 7 bankruptcy discharge in the Thompson Bankruptcy Case. ECF No. [6-2], at 88-89.

After confirmation of the Second Amended Chapter 11 Plan, Trelawny defaulted on its obligations and the Secured Creditor filed suit in Florida state court (Broward County Circuit Court Case No. 17-010466 CACE) (the "State Court Action"). In March 2018, the Secured Creditor's Amended Complaint sought to foreclose the mortgage lien on the Real Property and to enforce Michael Thompson and Marlon Thompson's guaranties of the Second Amended Chapter 11 Plan. ECF No. [11], at 37-132.

Appellant contested his liability to the Secured Creditor in the State Court Action, claiming that he had never physically executed the personal guaranty required by the Second Amended Chapter 11 Plan. ECF No. [15], at 10. In response, on March 9, 2018, the Secured Creditor filed a Motion to Compel Guaranties in the Trelawny Bankruptcy Case. ECF No. [6-2], at 299-302. On April 4, 2018, the Bankruptcy Court conducted a hearing on the Motion to Compel Guaranties and subsequently entered an order directing the Appellant to execute guaranties within 21 days. ECF No. [6-2], at 312-313. The Appellant failed to comply with the Court's order and the Secured Creditor filed a Motion for Contempt. *Id.* at 327-336. On July 6, 2018, the Bankruptcy Court held

the Appellant in contempt. *Id.* at 343-348. The Appellant ultimately complied and executed the personal guaranty form. ECF No. [15], at 11.

On May 14, 2018, the Appellant filed a Motion to Reopen the Thompson Bankruptcy Case and for Sanctions against Appellee, alleging it had violated the discharge injunction which was entered in that case (the "Sanctions Motion"). ECF No. [6-2], at 197-200. Appellee responded to the Sanctions Motion arguing that the Appellant's obligation to guaranty Trelawny's Second Amended Chapter 11 Plan was a post-petition obligation not impacted by the discharge. ECF No. [15], at 67-72. It further argued that the confirmation order was binding on the Appellant and that any objections he had to the plan should have been raised prior to the plan's confirmation. *Id.*

On August 27, 2018, the Bankruptcy Court entered its Order Denying Motion to Enforce and Motion for Sanctions BK ECF No. [141]. The Bankruptcy Court determined that the Appellant's guaranty obligation was a post-petition requirement, which was not discharged in the Thompson Bankruptcy Case. *See generally id.* The Bankruptcy Court further determined that the confirmation order in the Trelawny Bankruptcy Case had preclusive effect and that the Appellant's objections to the Second Amended Chapter 11 Plan were required to be raised at the confirmation hearing *Id.* at 4. The Bankruptcy Court also determined that Appellant had induced the Secured Creditor to accept the Second Amended Plan by making a post-petition commitment to guaranty Trelawny's payment obligation. *Id.* By reneging on that promise and seeking to hold it against the Secured Creditor through the Sanctions Motion, the Bankruptcy Court found that the Appellant was "attempting to pit the Court against itself by maintaining contradictory positions before two bankruptcy judges." *Id.*

4

Appellant has now filed the instant Appeal relating to the Bankruptcy Court's Order, BK ECF No. [141], denying Appellant's Motion to Enforce Discharge Injunction and Motion for Sanctions.

## II. JURISDICTION

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders, and decrees. 28 U.S.C. § 158(a). Here, the Bankruptcy Court's order being appealed is final. Therefore, this Court has jurisdiction.

## III. LEGAL STANDARD

On appeal, the District Court reviews a bankruptcy court's legal rulings *de novo* and its findings of fact for clear error. *See, e.g., In re Rosenberg*, 779 F.3d 1244, 1264 (11th Cir. 2015); *In re Sublett*, 895 F.2d 1381, 1383–84 (11th Cir. 1990); *see also* Fed. R. Bankr. P. 8013. Mixed questions of law and fact are reviewed *de novo*. *In re Lentek Int'l, Inc.*, 346 F. App'x 430, 433 (11th Cir. 2009). "Under *de novo* review, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Brown*, No. 6:08-cv-1517-Orl-18DAB, 2008 WL 5050081, at *2 (M.D. Fla. Nov. 19, 2008)(citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001)). On the other hand, "[a] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A finding is clearly erroneous when although there is evidence to support it, the reviewing court, after weighing the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer City. N.C.*, 470 U.S. 564, 573, (1985).

Case No. 18-cv-62124-BLOOM

### IV.    ANALYSIS

The Appellant raises several issues on appeal. First, that the Bankruptcy Court erred as a matter of law in determining that the Debt sought to be enforced by Appellee was not discharged as he claims such debt arose pre-petition. ECF No. [10], at 10-14.  Second, that no exception to discharge is applicable in this case.  *Id.* at 14-16. Third, that 11 U.S.C. § 524 provides for strict compliance regarding waiver, agreements to reaffirm or except a debt from discharge and that such provisions were not followed. *Id.* at 16-18. Lastly, that the Bankruptcy Court erred in finding that the Debt was also not subject to discharge because the defense of discharge "could have been made in an objection to confirmation." *Id.* at 18-19.  The Court will address each issue in turn.

> ### a.   *The Bankruptcy Court Did Not Err in its Determination that the Debt Sought to be Enforced by Appellee was Not Discharged.*

Appellant first argues that the Bankruptcy Court erred as a matter of law in determining that the Debt sought to be enforced by Appellee was not discharged. ECF No. [10], at 13. Specifically, the Appellant contends that such debt "arose from a pre-petition claim," and that 11 U.S.C. § 524 enjoins enforcement of pre-petition debts. *Id.* at 10-14.   Appellee responds that the Bankruptcy Court did not err in determining that Michael Thompson's obligation to guaranty Trelawny's obligations under the Second Amended Chapter 11 Plan, because such obligation was a post-petition obligation not affected by the discharge. ECF No. [15], at 12-13.   Appellee contends that the Second Amended Chapter 11 Plan was a new contract between the Secured Creditor and Trelawny. *Id.* at 13. The Appellee further argues that under this "new contract," the Appellant's proper remedy was to object upon the plan's confirmation, not to "attack it later." *Id.* at 14.

In rendering its ruling to denying the Appellant's Motion to Enforce and Motion for Sanctions the Bankruptcy Court held as follows:

6

> [A] review of the Trelawny Bankruptcy revealed that Michael Thompson, an equity security holder in Trelawny, induced the Secured Creditor to accept the Second Amended Chapter 11 Plan by making a post-petition promise, after the filing of his personal Chapter 7 bankruptcy, to "guaranty such obligation to [the Secured Creditor] by separate agreement." [D.E. 138 at 3, 11-43988-JKO]. Michael Thompson has reneged on that promise by refusing to execute the separate agreement and opposing the Secured Creditor in multiple legal arenas - the state court and this Court before two separate bankruptcy judges. [D.E. 129; D.E. 244, 262, 11-43988-JKO]. Michael Thompson has attempted to pit the Court against itself by maintaining contradictory positions in the Court before two bankruptcy judges. Michael Thompson promised a personal guaranty in the Trelawny Bankruptcy Second Amended Chapter 11 Plan, which was confirmed by the Court, and now claims that that personal guaranty was discharged in his personal Chapter 7 case. Id. The Court is unimpressed by these legal acrobatics. As an equity security holder, Michael Thompson is bound by the terms of the Second Amended Chapter 11 Plan, and this Court will give the confirmed plan preclusive effect. *In re Optical Techs., Inc.*, 425 F.3d at 1300 (quoting *In re Justice Oaks JI, Ltd.*, 898 F.2d at 1549); 11 U.S.C. § 1141(a). Michael Thompson's claims that the guaranty is discharged by the Chapter 7 proceeding "'could have been made' in an objection to confirmation;" thus, these claims are "barred from relitigation in [this] collateral proceeding." *In re Optical Techs.*, Inc., 425 F.3d at 1301 (quoting *In re Justice Oaks JI, Ltd.*, 898 F.2d at 1552).

BK ECF No. [141], at 4-5.

Here, following a *de novo* review, the Court finds that Bankruptcy Court did not err as a matter of law in finding that Appellant's Debt incurred under the Second Amended Chapter 11 Plan was not discharged in the Thompson Bankruptcy Case. "A debtor who files a petition under Chapter 7 of the Bankruptcy Code is generally discharged from all debts that arose ***before the filing*** of the bankruptcy petition . . . This policy is intended to provide a 'fresh start' to the 'honest but unfortunate debtor.'" *Price-Davis v. United States*, 549 B.R. 537, 542–43 (S.D. Fla. 2015) (*citing In re Fretz,* 244 F.3d 1323, 1326 (11th Cir. 2001)).

7

In his Appeal, Appellant cites 11 U.S.C. § 727 in support of his argument that the obligations created under the Second Amended Chapter 11 Plan were discharged. ECF No. [10], at 10. Section 727 states as follows:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

11 U.S.C. § 727(b). Further, the language of 11 U.S.C. § 301(b) expressly provides that a "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. § 301(b). As correctly stated in the Bankruptcy Court's Order, "[a] Chapter 7 discharge 'discharges the debtor from all debt that arose before the date of the order for relief' not debts that arose post-petition." BK ECF No. [141], at 3. Therefore, the discharge obtained by the Appellant in the Thompson Bankruptcy Case, discharged the Appellant from all debts that arose before the date of that the petition initiating the case was filed.

Appellant filed the Thompson Bankruptcy Case on July 2, 2013. ECF No. [6-2], at 8. The Second Amended Chapter 11 Plan, was revised, filed, accepted and confirmed *after the Appellant filed his petition* in the Thompson Bankruptcy Case. *Id.* at 252-257, 296-298. Thus, the obligations created in the Second Amended Chapter 11 Plan occurred post-petition. Therefore, after its *de novo* review this Court agrees with the Bankruptcy Court that the debt sought to be enforced in was not a pre-petition debt and was not subject to discharge.

### b. *Exceptions to Discharge.*

Next, Appellant argues that no exception to discharge is applicable to the debt sought to be enforced. ECF No. [10], at 14-16. As states above, this Court finds that the Bankruptcy Court

correctly held that the debt was a post-petition debt and thus was not discharged. *See infra* at 7-8. Accordingly, because this Court finds that the debt occurred post-petition, or after the date of the "order of relief," it need not address the Appellant's arguments that none of the exceptions for discharge pursuant to 11 U.S.C. § 524(c) apply. Such argument would only be relevant if this Court initially found that the Debt sought to be enforced was dischargeable. Because this Court has not made such a finding, Appellant's second argument is moot.

### c. The Debt was a New Debt Incurred Post-Petition and was Not Subject to the Requirements of 11 U.S.C. § 524(c).

Appellant next argues that the Bankruptcy Court erred in its determination that the Debt was not subject to discharge, and thus was required to "strictly" comply with the waiver, agreement to reaffirm, or exception provisions outlined in 11 U.S.C. § 524(c). ECF No. [10], at 16-18. Appellee responds that the requirements of 11 U.S.C. § 524(c) were inapplicable as the Appellant's obligations created by the Second Amended Chapter 11 Plan was a post-petition debt and, therefore, could not "reaffirm" an old debt. ECF No. [15], at 13-15.

The Court agrees with the Appellee that the provisions relating to agreement to reaffirm or except outlined in 11 U.S.C. § 524(c) are inapplicable to the instant Appeal. First, as addressed above, the exceptions are inapplicable where the Court has found that a debt is not discharged. Rather, the confirmation of the Second Amended Chapter 11 Plan created a "new contract." *See In re New River Shipyard, Inc.*, 355 B.R. 894, 912 (Bankr. S.D. Fla. 2006) ("A creditor's treatment under a confirmed plan of reorganization creates a contractual relationship between the debtor and the creditor. The creditor's pre-confirmation claim is subsumed in and replaced by the new contract created by the confirmed plan."). After a *de novo* review, the Court agrees with the Bankruptcy Court's determination that the obligations created under the Second Amended Chapter 11 Plan were not done pre-petition. Because the Court finds that the Debt at issue was an obligation created

post-petition, there was no debt to "reaffirm" and thus, the reaffirmation requirements of 11 U.S.C. § 524(c) are inapplicable.

### d. The Defense of Discharge Could Have Been Made as an Objection to Confirmation and is Barred from Relitigation in Collateral Proceedings.

Lastly, the Appellant argues that the Bankruptcy Court erred in its in finding that "Michael Thompson's claims that the guaranty is discharged by the Chapter 7 proceeding 'could have been made' in an objection to confirmation; [and that such claims were] 'barred from relitigation in [the] collateral proceeding." ECF No. [10], at 18-19. Appellant argues that the "Bankruptcy Court's suggested approach is factually incorrect and not physically possible" because confirmation of the Second Amended Chapter 11 Plan occurred prior to the entry of the Discharge in the Thompson Bankruptcy Chapter. *Id.* at 22. Therefore, Appellant contends that he could not raise a "defense of discharge" as an objection to the plan's confirmation. *Id.*

Appellant again conflates the dates for which the discharge applied, as any discharge received would discharge pre-petition debts. The Eleventh Circuit Court of Appeals has held that "[i]t is established law that a confirmation order satisfies 'the requirements of a judgment that can be given [preclusive] effect." *Finova Capital Corp. v. Larson Pharmacy Inc.* (*In re Optical Techs., Inc.*), 425 F.3d 1294, 1300 (11th Cir. 2005) (quoting *Wallis v. Justice Oaks IL Ltd.* (*In re Justice Oaks IL Ltd.*), 898 F.2d 1544, 1549 (11th Cir. 1990)) (alterations in original). The Appellant was indeed bound by the Second Amended Chapter 11 Plan. The amendments made to that plan were done specifically to ensure its acceptance and ultimate confirmation. Accordingly, the Bankruptcy Court did not err in giving the obligations of the plan preclusive effect.

Further, the Eleventh Circuit has made clear that "'[a]ny ... claims [that] were actually made or could have been made' in an objection to confirmation are barred from relitigation in collateral proceedings." *In re Optical Techs., Inc.*, 425 F.3d 1294, 1301 (quoting *In re Justice Oaks*

*II, Ltd.*, 898 F.2d 1544, 1552 (11th Cir. 1990)). The filing of the initial petition in the Thompson Bankruptcy Case occurred in July 2013. ECF No. [6-2], at 8. The confirmation of the Second Amended Chapter 11 Plan did not occur until February 2014. *Id.* at 297-298. Therefore, Appellant's individual bankruptcy case was underway for eight months prior to the Second Amended Chapter 11 Plan's confirmation. Thus, the Appellant's argument that his objection would not have been "physically possible" is not colorable, as he was aware of the posture of both bankruptcy cases and was directly participating in each of them.

In its Order, the Bankruptcy Court also found that "[Appellant] has attempted to pit the Court against itself by maintaining contradictory positions in the Court before two bankruptcy judges. [Appellant] promised a personal guaranty in the [Second Amended Chapter 11 Plan], which was confirmed by the Court, and now claims that that personal guaranty was discharged in his personal Chapter 7 case." BK ECF No. [141], at 4. This Court agrees that the record supports such a finding. The Appellant was attempting to utilize filings and orders in the different cases to manipulate a favorable result. Accordingly, if Appellant truly believed the Debt was dischargeable, he could have filed his objection to the Second Amended Chapter 11 Plan's confirmation. The Appellant did not do so. He cannot not now relitigate these same issues in collateral proceedings.

V. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Order, BK ECF No. [141], is **AFFIRMED**.
2. The Clerk of Court is directed to **TRANSMIT** notice of this Order to the Bankruptcy Court in accordance with all relevant rules and procedures and is further directed to **CLOSE** this case.
3.

Case No. 18-cv-62124-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 6, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record